UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. CLAYTON and
KATHI CLAYTON,

    Plaintiffs,

v.                      CASE NO: 8:09-cv-2360-T-33AEP

EMC MORTGAGE CORPORATION,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiffs' Motion to Remand (Doc. # 6). Defendant filed a Memorandum of Law in Opposition thereto (Doc. # 7). Plaintiffs then filed a Reply thereto (Doc. # 13), and Defendant filed a Sur-Reply (Doc. # 18), both with leave of Court.

Defendant filed a Notice of Removal (Doc. # 1) on November 18, 2009. Defendant based the removal on diversity of citizenship jurisdiction and asserted that a November 1, 2009, deposition established that Plaintiffs were seeking damages that exceed the amount in controversy requirement of $75,000.00. Defendant stated that the removal was timely as it was filed within 30 days of the time from which it first could be ascertained that the case is removable under 28 U.S.C. § 1446(b).

Plaintiffs argue that the removal was untimely and move this Court to remand the action. Specifically, Plaintiffs contend that the Amended Complaint, filed in state court on June 26, 2009, clearly contained a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and, accordingly, previously provided a basis for removal pursuant to 28 U.S.C. § 1441(a) as it raised a federal question. Plaintiffs assert that Defendant's failure to remove the case based on the Amended Complaint and, instead, waiting and removing the case based on diversity of citizenship makes the removal untimely. This Court agrees.

The Court is unpersuaded by Defendant's argument that Plaintiffs' FDCPA claim is a fiction and states no claim at all because as a matter of law the FDCPA is inapplicable to mortgage servicers. While the Court may ultimately come to the conclusion that the FDCPA is not applicable to the Defendant in this case based on the facts, Defendant fails to cite a case in support of the proposition that a defendant itself can make the determination that a claim is fiction and not a proper basis for removal. The Amended Complaint clearly alleges a claim under the FDCPA and, therefore, provides federal question jurisdiction. Accordingly, this Court finds that Defendant failed to timely remove this action as removal

did not occur within 30 days after Defendant's receipt of the pleading that stated a claim under 15 U.S.C. § 1962. 28 U.S.C. § 1446(b); see Doe v. The Florida Int'l Univ. Bd. of Trustees, 464 F. Supp. 2d 1259 (S.D. Fla. 2006). Similarly, the Court finds that the "revival exception" to removal is inapplicable to the case at bar.[1]

Plaintiffs' request for reasonable attorney's fees and costs incurred in conjunction with the preparation of their motion to remand, however, is denied. The Court does not find that attorney's fees are appropriate under the circumstances. See Doe, 464 F. Supp. 2d at 1263 ("Where an objectively reasonable basis for seeking removal exists, fees should be denied.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion for Remand (Doc. # 6) is **GRANTED**. The

---

[1] "The 'revival exception' allows a defendant who fails to exercise his removal rights on the first available basis to newly assert the right to remove based on the occurrence of certain later events. This narrow exception is limited to two types of cases: (1) where the plaintiff deliberately misleads a defendant about the true nature of the case until the thirty-day period expires; or (2) where an amended complaint 'fundamentally alters' the nature of the case to such an extent that it creates 'an essentially new lawsuit.'" Doe, 464 F. Supp. 2d at 1261 (citations omitted). Neither of these situations have occurred in this case.

Clerk is directed to remand this action to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and to terminate all pending motions.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of May, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record